WATSON, District Judge,
concurring in part and concurring in the judgment:
On appeal, Glacier makes three claims: (1) that NMFS is not authorized to collect a cost recovery fee from Glacier because (a) the coop permit does not qualify as a limited access privilege and (b) even if it did, Glacier does not hold fhe permit; (2) that NMFS failed to implement the cost accounting methodology reqommended by the Council; and (8) that NMFS’s calculation of the 2014 fee was inconsistent with its own regulations. While I join in the majority’s evaluation of the merits of all three issues, in my view, we need not have considered much of the first because Glacier waived it.
“[A] party’s failure to make an argument before the administrative ajgeney in comments on a proposed rule bar[s] it from raising that argument on judicial review.” Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019, 1021 (9th Cir. 2004) (citing Exxon Mobil Corp. v. EPA, 217 F.3d 1246 (9th Cir. 2000)). “Although ‘claimants who bring administrative appeals may try to resolve their difficulties by alerting the decision maker to the problem in general terms, rather than using precise legal formulations,’ claimants are still obligated to raise their problem ‘with *1128 sufficient clarity to allow the decision maker to understand and rule on the issue raised.’ ” Buckingham v. Sec’y of U.S. Dep’t of Agr., 603 F.3d 1073, 1080 (9th Cir. 2010) (citation omitted); see also Great Basin Mine Watch v. Hankins, 456 F.3d 955, 967 (9th Cir. 2006) (concluding that a claimant had failed to exhaust where the general concerns raised below were insufficiently closely connected to the legal claim at issue). While “there is no bright-line standard as to when this requirement has been met,” Idaho Sporting Cong., Inc. v. Rittenhouse, 305 F.3d 957, 965 (9th Cir. 2002), in my view, it was not met here.
Glacier relies on- a single comment letter from the PWCC for having preserved its first claim that a coop permit does not qualify the permittee as a “limited access privilege holder.” In fact, Glacier primarily relies on the following sentence within that letter that reads as follows: “The PWCC requests from NMFS a clear and detailed account of the legal basis for defining the CP cooperative as a LAPP, including why other U.S. sector-based, cooperative management. programs are not defined as LAPPs.” That level of generality is simply too attenuated to have put NMFS on notice of much of what Glacier asserts now. For instance, Glacier spends multiple pages discussing what “harvest” means under 16 U.S.C. § 1802(26) and spends multiple additional pages discussing the permit “renewal” requirement in 16 U.S.C. § 1853a(f)(l). Yet the PWCC letter it cites never even mentions the nuanced “harvest” that Glacier now interprets, and the letter gives equally short shrift (i.e. none) to “renewal.” How this could possibly satisfy its exhaustion obligation is beyond me,[1] and it is no surprise, then, that NMFS did not address these specific issues during the administrative process.
Accordingly, while I concur in the judgment, including the majority’s analysis of the merits of each of Glacier’s claims, I cannot join in Footnote 6 of Part I.

. In addition, I agree with the district court's conclusion that Glacier waived the argument that it is not the holder of the coop permit.